UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JARROD N. GANT,

        Plaintiff,

v.                                                   Case No. 19-C-172

CO ADKINS, SGT KELLER,
and SCOTT M. ECKSTEIN

        Defendants.

---

## SCREENING ORDER

---

The plaintiff, who is currently serving a state prison sentence at Green Bay Correctional Institution (GBCI) and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

The plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $0.13. The plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

On July 6, 2018, the plaintiff alleges he suffered an asthma attack while exercising in his cell in the Restrictive Housing Unit of GBCI. The plaintiff states that he attempted to make several calls via his cell intercom to contact an officer and that CO Adkins could be heard through the intercom speaker continuously disconnecting his calls. CO Adkins answered the plaintiff's call on his third

2

attempt, and asked him what his medical emergency was. The plaintiff responded that he was having an asthma attack and that he should send a sergeant to his cell. CO Adkins allegedly responded by saying why are you yelling at me. The plaintiff states that he told CO Adkins that his calls were getting disconnected and asked why his calls were being disconnected. CO Adkins allegedly then responded that the plaintiff did not sound like he was having an asthma attack and disconnected the call. The plaintiff then proceeded to yell out of his cell to get his neighbor's help because he could not breathe. The plaintiff's neighboring inmates began to be loud and boisterous and began to yell for the sergeant to come to the plaintiff's cell to help him.

Sometime later Sgt. Keller came to the plaintiff's cell. The plaintiff explained that he had an asthma attack while exercising and that despite his calls for help he received no response because his intercom calls were being disconnected by CO Adkins. The plaintiff states that Sgt. Keller told him he would speak with CO Adkins about disconnecting the intercom calls and that he was placing the plaintiff on a 30-day back of cell/knee restriction for being disruptive, which allegedly caused him physical injuries, emotional distress, and pain and suffering. The plaintiff alleges that neither CO Adkins nor Sgt. Keller made any attempts to get him medical assistance. According to the plaintiff, CO Adkins did not log this incident in the logbook in the control booth and did not write up an incident report about the plaintiff's asthma attack. The plaintiff also states that when he spoke with Sgt. Keller later on October 22, 2018, Sgt. Keller could not recall if he wrote an incident report regarding the plaintiff's asthma attack. The plaintiff was later seen by a nurse who acknowledged that he does have asthma. The plaintiff is seeking both compensatory and punitive damages, a well as a declaration that the defendants' acts violated his constitutional rights. The plaintiff also seeks

3

a preliminary and permanent injunction ordering the defendants to follow the DOC policies concerning inmate safety and documenting incidents that occur.

**THE COURT'S ANALYSIS**

To state a claim under § 1983, a plaintiff must allege a person acting under color of state law violated rights secured by the Constitution and laws of the United States. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). Denial of, or deliberate indifference to, a prisoner's serious medical needs can amount to a violation of the Eighth Amendment's proscription of cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To prevail on a claim for deliberate indifference, a plaintiff must show "something approaching a total unconcern for [his] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (citing *McGill v. Duckworth*, 944 F.2d 344 (7th Cir. 1991)). The defendant must have known of and disregarded an "excessive risk" to the inmate's health or safety. *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994).

The plaintiff's allegations, which the court must accept as true at this stage, are sufficient to state a deliberate indifference claim against CO Adkins. The plaintiff informed CO Adkins that he was in the midst of an asthma attack and CO Adkins ignored him, disconnected his cell intercom calls, and did not take any steps to get medical assistance for him. Regarding Sgt. Keller, although the plaintiff had just suffered an asthma attack, his complaint does not allege that he was still suffering any symptoms at the time that Sgt. Keller spoke with him or that he was in need of medical attention at that time. The plaintiff's claim, that Sgt. Keller was deliberately indifferent to his serious medical need because he did not contact health services after being informed of his attack, ignores the fact that the prison has a system, mainly health service requests, by which a

4

prisoner can notify the prison that he wishes to speak to a medical provider. "Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job," and the Warden of each prison "is entitled to relegate to the prison's medical staff the provision of good medical care." *Burks v. Raemisch*, 595 F.3d 592, 595 (7th Cir. 2009). Because the plaintiff's medical condition did not pose a serious risk to him at the time Sgt. Keller spoke with him, Sgt. Keller was not obligated to report his condition for him to medical staff. In addition, although the plaintiff alleges that Sgt. Keller should have known about his subordinate CO Adkins' failure to log the incident in the logbook and write up an incident report, "[l]iability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise," *id.* at 594, and the plaintiff does not allege that Sgt. Keller had actual knowledge of this, only that he should have known.

Although the plaintiff's allegations are not sufficient to state a deliberate indifference claim against Sgt. Keller, they are sufficient to state a retaliation claim against him. "'An act taken in retaliation for the exercise of a constitutionally protected right is actionable under § 1983 even if the act, when taken for a different reason, would have been proper.'" *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005) (quoting *Matzker v. Herr*, 748 F.2d 1142, 1150 (7th Cir. 1984), *limited on other grounds by*, *Salazar v. Chicago*, 940 F.2d 233, 240–41 (7th Cir. 1991)). "This includes retaliation against an inmate for exercising his constitutional right to access the courts or to use the prison grievance process." *Id.* "[A] prisoner can sufficiently state a claim for relief when he alleges that prison officials issued baseless disciplinary tickets against him in retaliation for pursuit of administrative grievances." *Id.* Because the plaintiff alleges that the only reason Sgt. Keller placed him on a 30-day back of cell/kneel restriction was because he informed Sgt. Keller that he was

5

going to file an inmate complaint against both Sgt. Keller and CO Adkins, his complaint sufficiently states a retaliation claim against Sgt. Keller.

Although the plaintiff lists Scott Eckstein, the warden of GBCI, as a defendant, he does not allege any claims specifically against him. Section 1983 liability is premised on the wrongdoer's personal responsibility. *Kuhn v. Goodlow*, 678 F.3d 552, 555–56 (7th Cir. 2012). "An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Id.* at 556 (quoting *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). As the plaintiff does not allege any direct participation by Eckstein, he will be dismissed from this case.

The plaintiff is also seeking a preliminary and permanent injunction ordering the defendants "to follow the DOC policies concerning inmates safety and documenting the incidents that occur." ECF No. 1 at 11. In order to obtain a preliminary injunction a plaintiff must show, among other things, that no adequate remedy at law exists and that he will suffer irreparable harm if preliminary injunctive relief is denied. *Platinum Home Mortg. Corp. v. Platinum Fin. Grp., Inc.*, 149 F.3d 722, 726 (7th Cir. 1998). Here, the plaintiff has not alleged that he is suffering any irreparable harm as a result of any alleged failure by the defendants to follow DOC policies, and is able to seek relief for the harm he sustained through his § 1983 actions against them. As a result, the plaintiff will not be able to proceed on his claim for a preliminary and permanent injunction.

The court finds that the plaintiff may proceed on the following claims: a deliberate indifference claim against CO Adkins and a retaliation claim against Sgt. Keller.

**IT IS THEREFORE ORDERED** that this case is referred to Magistrate Judge Nancy Joseph for all pretrial proceedings in accordance with 28 U.S.C. § 636(b)(1). The magistrate judge will decide all non-dispositive motions (i.e., motions to compel, motions to recruit counsel, and

motions to amend pleadings). A party may serve and file objections to an order deciding a non-dispositive issue within 14 days of being served with a copy. This court will consider any timely objection and modify or set aside any part of the order that is clearly erroneous or is contrary to law. *See* Fed. R. Civ. P. 72(a). The magistrate judge will also issue a report and recommendation concerning any motion for injunctive relief or dispositive motions that are filed (i.e., motions to dismiss and motions for summary judgment). Either party may object to the magistrate judge's report and recommendation within 14 days of being served with a copy. This court will conduct a de novo review of any part of the magistrate judge's recommendation that has been properly objected to and will either accept, reject, or return the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b). The case will return to this court for trial, if necessary.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Scott Eckstein is dismissed as a defendant.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $349.87 balance of the filing fee by collecting monthly

7

payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this  13th  day of March, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court