UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JARROD N. GANT,

    Plaintiff,

    v.    Case No. 19-C-172

JAMIE ADKINS, et al.,

    Defendants.

## ORDER

Plaintiff Jarrod Gant, who is representing himself, is proceeding on claims that Defendants violated his constitutional rights. Dkt. No. 13. On September 25, 2019, Gant filed two documents that he titled motions for summary judgment. Dkt. Nos. 29, 32. The court will deny the motions because they do not comply with the requirements of Civil Local Rule 56. *See* Civil L. R. 56(b)(1)(A) and (C) (requiring a party moving for summary judgment to include with the motion "a memorandum of law" and "a statement of proposed material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law.") Gant had notice of these requirements; the court provided him with a copy of the rule in the scheduling order. Dkt. No. 17. Civil L. R. 56(b)(1)(C)(iii) explains that a moving party's failure to submit a statement of proposed material facts "constitutes grounds for denial of the motion." Because Gant did not comply with the local rule, the court will deny his motion. *See Wilson v. Kautex, Inc.,* 371 Fed. App'x 663, 664 (7th Cir. 2010) (finding that a district court may enforce its local rules even though a party is *pro se*).

About a month after Gant moved for summary judgment, Defendants moved for summary judgment. Dkt. No. 34. Gant did not timely respond to the motion, so U.S. Magistrate Judge Joseph (to whom the case has been referred for the handling of pretrial matters) gave him one final opportunity to respond to the motion or to explain why he was unable to respond. Dkt. No. 38. Judge Joseph cautioned Gant that, if he did not respond to Defendants' motion by December 23, 2019, the court would grant the motion based on his failure to respond to it, Civil L. R. 7(d), and would dismiss this case based on his failure to diligently prosecute it, Civil L. R. 41(c).

The deadline for Gant to respond to the motion has passed, and he has not filed his response materials. Under Civil L. R. 7(d), "Failure to file a memorandum in opposition to a motion is sufficient cause for the court to grant the motion." Further, under Civil L. R. 41(c), "Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice."

**IT IS THEREFORE ORDERED** that Gant's motions for summary judgment (Dkt. Nos. 29, 32) are **DENIED** based on his failure to comply with Civil L. R. 56.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Dkt. No. 34) is **GRANTED** based on Gant's failure to oppose the motion.

**IT IS FUTHER ORDERED** that this case is **DISMISSED with prejudice** based on Gant's failure to diligently prosecute the case.

Dated at Green Bay, Wisconsin this 14th day of January, 2020.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach, District Judge
                                                  United States District Court